# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| JAMES EPPS, | Case No. 2:22-cv-00204-GMN-VCF |
| Petitioner, | **ORDER** |
| v. | |
| DIRECTOR, NEVADA DEPARTMENT OF CORRECTIONS, et al., | |
| Respondents. | |

This *pro se* petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 comes before the Court on Petitioner James Epps's motion to amend claims, Epps's renewed motion for the appointment of counsel, and respondents' motion for clarification. For the reasons discussed below, the Court grants the motions.

**I.      BACKGROUND**

Epps challenges a conviction and sentence imposed by the Eighth Judicial District Court for Clark County ("state court"). *State of Nevada v. James Epps*, Case No. C-12-285595-1.[1] On October 12, 2016, the state court entered a judgment of conviction for second-degree murder with the use of a deadly weapon and sentenced Epps to life with the possibility of parole after 10 years plus a consecutive term of 96 to 240 months for the deadly weapon enhancement. The Nevada Court of Appeals affirmed Epps's judgment of conviction on March 14, 2018. On January 29, 2020, Epps filed a state petition for writ of habeas corpus. *James Epps v. State of Nevada*, Case

---

[1] The Court takes judicial notice of the online docket records of the Eighth Judicial District Court and Nevada appellate courts. The docket records may be accessed by the public online at: https://www.clarkcountycourts.us/Anonymous/default.aspx and at: http://caseinfo.nvsupremecourt.us/public/caseSearch.do.

No. A-20-809661-W. The state court denied post-conviction relief on May 8, 2020. Epps filed a post-conviction appeal. The Nevada Court of Appeals affirmed the denial on April 12, 2021, and remittitur issued on May 10, 2021.

On January 26, 2022, Epps initiated this federal habeas corpus proceeding. (ECF No. 9.) The Court instructed Epps to resolve the filing fee, and he timely complied. (ECF No. 7.) The Court then denied Epps's motion for appointment of counsel because "the issues in this case are not particularly complex." (ECF No. 8 at 2.) Indeed, Epps's petition included only a single ground for relief: the trial court erred by improperly denying his right to represent himself. (ECF No. 9 at 8.) In Epps's motion to amend claims, he seeks to amend his petition by adding nine additional grounds for relief. (*See* ECF No. 11, 11-1.) Epps again seeks the appointment of counsel, explaining that his "amended issues . . . are abundantly complex." (ECF No. 11 at 1.)

## II.     DISCUSSION

There is no constitutional right to appointed counsel for a federal habeas corpus proceeding. *Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987); *Luna v. Kernan*, 784 F.3d 640, 642 (9th Cir. 2015) (citing *Lawrence v. Florida*, 549 U.S. 327, 336–37 (2007)). An indigent petitioner may request appointed counsel to pursue that relief. 18 U.S.C. § 3006A(a)(2)(B). The decision to appoint counsel is generally discretionary. *Id*. (authorizing appointed counsel when "the interests of justice so require"). However, counsel must be appointed if the complexities of the case are such that denial of counsel would amount to a denial of due process, and where the petitioner is a person of such limited education as to be incapable of fairly presenting his claims. *LaMere v. Risley*, 827 F.2d 622, 626 (9th Cir. 1987); *Brown v. United States*, 623 F.2d 54, 61 (9th Cir. 1980).

Following review of the motion to amend claims and renewed motion for appointment of counsel, it appears that this once simple habeas matter has become more complex. Accordingly, the Court finds that appointment of counsel is in the interests of justice and will provisionally appoint the Federal Public Defender to represent Epps.

### III. CONCLUSION

**It is therefore ordered** that Epps's motion for appointment of counsel (ECF No. 12) is granted. The Federal Public Defender is provisionally appointed as counsel and will have 30 days to undertake direct representation of Epps or indicate the office's inability to represent Epps in these proceedings. If the Federal Public Defender is unable to represent Epps, the Court will appoint alternate counsel. The counsel appointed will represent Epps in all federal proceedings related to this matter, including any appeals or *certiorari* proceedings, unless allowed to withdraw.

**It is further ordered** that Epps's motion to amend claims (ECF Nos. 11, 11-1) is granted. A deadline for the filing of an amended petition and/or seeking other relief will be set after counsel has entered an appearance. The Court anticipates a deadline of approximately 60 days from entry of the formal order of appointment.

**It is further ordered** that the Clerk electronically serve the Federal Public Defender a copy of this order, a copy of the Petition (ECF No. 9), and a copy of Epps's motion to amend claims (ECF Nos. 11, 11-1.). The Federal Public Defender has 30 days from the date of entry of this order to file a notice of appearance or to indicate to the Court its inability to represent Epps in these proceedings.

**It is further ordered** that any deadline established and/or any extension thereof will not signify any implied finding of a basis for tolling during the time period established. Epps remains responsible for calculating the running of the federal limitation period and timely presenting

claims. That is, by setting a deadline to amend the petition and/or by granting any extension thereof, the Court makes no finding or representation that the Petition, any amendments thereto, and/or any claims contained therein are not subject to dismissal as untimely. *See Sossa v. Diaz*, 729 F.3d 1225, 1235 (9th Cir. 2013).

**It is further ordered** that the Clerk of Court is directed to send a copy of this order to Epps, the Nevada Attorney General, and the CJA Coordinator for this division.

**It is further ordered** that respondents motion for clarification and new scheduling order (ECF No. 15) is granted. After counsel has appeared for Epps, the Court will issue a new scheduling order. The previous scheduling order deadlines are vacated.

Dated: April 18, 2022

_____
Gloria M. Navarro, Judge
United States District Court